IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARRY RANDALL WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-16-931-C |
| | ) | |
| JASON BRYANT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

In accordance with the Tenth Circuit's limited remand, the Court considers whether Petitioner is entitled to a Certificate of Appealability (COA). In the appellate court, Petitioner seeks review of the Court's denial of his Petition for Writ of Habeas Corpus. Because Petitioner is a state prisoner, 28 U.S.C. § 2253(c)(1)(A) requires that a Certificate of Appealability ("COA") be granted prior to consideration of his claims by the appellate court. See Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). A petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Petitioner can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in § 2253(c) the meaning ascribed it in Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the

word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, . . . [ t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

In this instance, Petitioner has not made this requisite showing. As the Report and Recommendation ("R&R") of the Magistrate Judge made clear, Petitioner was seeking habeas relief, in part, for alleged violations of Oklahoma statutes and the Oklahoma constitution. As a result, Petitioner would not be entitled to federal habeas relief. The Magistrate Judge addressed Petitioner's arguments to the extent they invoked the federal Constitution. The Magistrate Judge found that Petitioner's arguments were fatally defective and Petitioner's arguments were not persuasive. These determinations are not reasonably debatable and, as the Court noted in adopting the R&R, warrant no discussion or analysis, as the Magistrate Judge thoroughly and correctly addressed the issues. Accordingly, Petitioner's request for a COA is denied.

Petitioner also requests to proceed in forma pauperis on appeal. Pursuant to 28 U.S.C. § 1915(a)(3), a litigant is not entitled to proceed in forma pauperis on appeal if the appeal is not taken in good faith. An appeal is not taken in good faith if the issues presented are frivolous in that they involve inarguable legal conclusions. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Having reviewed the motion and all matters of record, the Court finds that the appeal is not taken in good faith. As made clear above, the issues Petitioner seeks to raise on appeal lack merit.

Petitioner has also made a Motion for En Banc Hearing (Dkt. No. 31). This Court has treated it as a Motion for Reconsideration and denies the motion.

As set forth more fully herein, Petitioner's Notice of Appeal is construed as a Request for a Certificate of Appealability (Dkt. No. 28) and is DENIED. Petitioner's Application to Proceed in Forma Pauperis (Dkt. No. 33) is DENIED. Petitioner's Motion for En Banc Hearing (Dkt. No. 31) is DENIED. Accordingly, the Court finds Petitioner is not entitled to proceed without payment of the filing fee. Petitioner is advised that unless the $5.00 appellate filing fee and the $500.00 docket fee are paid in full to the Clerk of this Court within 20 days of the date of this Order, his action may be subject to dismissal by the appellate court.

IT IS SO ORDERED this 18th day of April, 2018.

ROBIN J. CAUTHRON
United States District Judge